1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

13

RASLAIE M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C21-1349-MLP

ORDER

14

## I.      INTRODUCTION

15        The parties agree that the administrative law judge ("ALJ") erred in denying Plaintiff's

16   applications for Supplemental Security Income and Disability Insurance Benefits. In her opening

17   brief, Plaintiff requested a remand for a finding of disability, or further proceedings in the

18   alternative, and the Commissioner filed a response brief requesting a remand for further

19   proceedings. (Dkt. ## 12, 15.) Plaintiff did not file a reply brief. As discussed below, the Court

20   REVERSES the Commissioner's final decision and REMANDS the matter for further

21   administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.      DISCUSSION

22        The Court has discretion to remand for further proceedings or for a finding of disability.

23   *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate

ORDER - 1

award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Id*. In so doing, the Court considers the existence of "outstanding issues" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler*, 775 F.3d at 1105). Third, the Court must conclude that, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id*. (quoting *Garrison*, 759 F.3d at 1021). Finally, even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy. *Id.* The Court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*. (quoting *Garrison*, 759 F.3d at 1021).

In this case, the parties agree that the ALJ's decision contains legal error, namely in the ALJ's failure to address the opinion of Archana Nair, M.D., and the ALJ's failure to "consider the possible applicability of a listing level impairment based on Plaintiff's full scale IQ scores and history of impairments." (Dkt. # 15 at 5.) The Commissioner filed a motion for remand requesting that the court permit the ALJ to: (1) reevaluate all the opinion evidence and Plaintiff's subjective complaints, (2) reevaluate Plaintiff's impairments at steps two and three, (3) reassess Plaintiff's residual functional capacity ("RFC"), (4) provide Plaintiff with the opportunity for a

new hearing, (5) further develop the record, and (6) issue a new decision. (*Id.* at 2-3.) Plaintiff's opening brief contends that a remand for further proceedings is required "[a]t a minimum," but requests a finding of disability because if the improperly discounted evidence were credited, she would be found disabled. (Dkt. # 12 at 18.)

In her motion to remand, the Commissioner identified several of the ALJ's findings as to Plaintiff's allegations that she contends are supported by substantial evidence and cast serious doubt on Plaintiff's eligibility for benefits, and also points to various conflicts in the medical evidence that should be resolved on remand. (Dkt. # 15 at 5-6.) Under these circumstances, and because Plaintiff did not file a response to the Commissioner's motion for remand, the Court finds that Plaintiff has not shown that the extraordinary remedy of a remand for a finding of benefits is appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").

### III.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should: (1) reevaluate all the opinion evidence and Plaintiff's subjective complaints, (2) reevaluate Plaintiff's impairments at steps two and three, (3) reassess Plaintiff's RFC, (4) provide Plaintiff with the opportunity for a new hearing, (5) further develop the record, and (6) issue a new decision.

\\

\\

Dated this 27th day of April, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4